UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DEBRA R. PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:09-CV-103-BG |
| | ) | ECF |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT and RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Debra R. Perez is appealing the decision to deny her Social Security disability benefits and supplemental security income benefits by Michael J. Astrue, Commissioner of Social Security. The court has considered the administrative record, the arguments of the parties, and the applicable law and has determined that the Commissioner failed to fully develop the record and the court recommends that the decision be reversed and remanded for further administrative proceedings.

## I.      Statement of the Case

In May 2006 Perez filed for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. (Tr. 112-120, 140). Perez suffers from disorders of the lumbar spine, obesity, and depression. (*Id.* at 11). The Disability Determination Service denied Perez's application initially and upon reconsideration. (*Id.* at 52-59, 60, 62-67). Perez requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 71). After the hearing the ALJ affirmed the denial of benefits. (*Id.* at 6-17). Perez requested review by

the Appeals Council, which denied Perez's request for review. (*Id.* at 1-4, 22-24). Accordingly, this court is reviewing the ALJ's decision and denial of benefits.

## II.   Facts

At the administrative hearing Perez testified that the highest level of education she completed was the ninth grade and that she never earned a General Education Development high school equivalency certificate. (*Id.* at 36-37). Perez, however, had been a licensed cosmetologist. (*Id.* at 36).

The vocational expert ("VE") testified that Perez had worked as a hairstylist, shampooer, and cashier/checker. (*Id.* at 40). The hairstylist was a skilled position that required a specific vocational preparation ("SVP") of 6. The shampooer and cashier/checker were semi-skilled positions with an SVP of 3. (*Id.*). The ALJ described a hypothetical person with Perez's mental and physical impairments, but the ALJ did not state that the hypothetical person had any job skills. (*See id.* at 40-41). The VE explained that a person with Perez's impairments could not perform her past relevant work. (*Id.* at 41-43). The VE stated, however, that Perez could work as an auto self-service attendant, gate guard, companion, or bench worker. (*Id.* at 43). The VE testified that all four jobs were "entry-level" positions that had an SVP of 3. (*Id.*).

In his decision the ALJ found that the transferability of job skills was not material to the disability determination because the Medical-Vocational Rules supported finding that Perez was not disabled regardless of whether she had transferable job skills. (*Id.* at 16). The ALJ stated that based upon the testimony of the VE, there were a significant number of jobs in the national economy that Perez could perform. (*Id.* at 16-17). Accordingly, the ALJ found that Perez was not disabled. (*Id.* at 17).

2

III.     **Standard of Review**

This court's "review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* (quotation omitted). "In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Id.* "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Id.* "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

Social Security Rulings are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration." *Heckler v. Edwards*, 465 U.S. 870, 873 n. 3, 104 S.Ct. 1532, 79 L.Ed.2d 878 (1984). An agency must follow its own procedures, even if those procedures are more rigorous than what would otherwise be required. *Newton*, 209 F.3d at 459. Should the agency violate its internal rules and prejudice results, the proceedings are tainted and any action taken cannot stand. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981).

IV.     **Discussion**

A claimant bears the burden of proving that she suffers from a disability. *Perez*, 415 F.3d at 461. The ALJ uses a five-step sequential analysis to evaluate claims of disability: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe

impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment

listed in 20 C.F.R., Part 404, Subpart P, Appendix 1 (April 1, 2009); (4) whether the impairment

prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the

claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920; *Perez*, 415 F.3d at 461. The

claimant bears the burden of proof on the first four steps. *Perez*, 415 F.3d at 461. At the fifth step,

the Commissioner bears the initial burden of proof, but once the Commissioner shows that the

claimant can perform jobs in the national economy, the burden shifts back to the claimant to rebut

this finding. *Id.* The ALJ must use the testimony of a vocational expert or other similar evidence

to establish that jobs exist in the national economy. *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.

1986).

> The value of a vocational expert is that he is familiar with the specific requirements
> of a particular occupation, including working conditions and the attributes and skills
> needed. A vocational expert is able to compare all the unique requirements of a
> specified job with the particular ailments a claimant suffers in order to reach a
> reasoned conclusion whether the claimant can perform the specific job.

*Id.* In this case, the ALJ found at step five that Perez was not disabled.

Perez argues that the ALJ's decision is not supported by substantial evidence and the

Commissioner did not meet his burden to establish the existence of other work she can perform.

Perez contends that the vocational expert's testimony was not substantial evidence that she could

perform other work because the vocational expert testified that she could perform semi-skilled jobs

even though the ALJ did not identify any skills that she possessed.

"Ability to perform skilled or semi[-]skilled work depends on the presence of acquired skills

which may be transferred to such work from past job experience above the unskilled level or the

presence of recently completed education which allows for direct entry into skilled or semi[-]skilled

work." Soc. Sec. Ruling 83-10 (1983) ("SSR").  A person with a limited education, which is the 7th grade through 11th grade level of formal education, has "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs."   20 C.F.R. §§ 404.1564(b)(3), 416.964(b)(3).  If the claimant has acquired skills through her past work but cannot use those skills in other skilled or semi-skilled work, the Commissioner will treat the claimant's background as unskilled.   20 C.F.R. §§ 404.1565(a), 404.1568(d), 416.965(a), 416.968(d); SSR 82-41 (1982).

The Social Security Administration has taken "administrative notice" of the Dictionary of Occupational Titles ("DOT"). *See* 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).  Semi-skilled work, as defined in 20 C.F.R. §§ 404.1568 and 416.968, "corresponds to an SVP of 3-4."  SSR 00-4p (December 4, 2000).  The Fifth Circuit has recognized that "the DOT is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job." *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000).  When there is an implied or indirect conflict between the vocational expert's testimony and the DOT, "the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so." *Id.* at 146.

Neither the DOT nor evidence from a vocational expert "trumps" the other.  SSR 00-4p. Rather, "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings," but the vocational expert may provide testimony regarding the requirements of a particular job "as it is performed in specific settings." *Id.*

5

When a vocational expert provides evidence about the requirements of a job, the ALJ "has an affirmative responsibility to ask about any possible conflict between [the vocational expert's] evidence and information provided in the DOT. SSR 00-4p. When the evidence provided by the vocational expert is "not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the [vocational expert's] evidence to support a determination or decision that the individual is or is not disabled." *Id.*

In this case, Perez was considered an unskilled claimant because the ALJ did not state that Perez had any specific job skills that transferred from her past work and she had a limited education. 20 C.F.R. §§ 404.1564(b)(3), 404.1565(a), 404.1568(d), 416.964(b)(3), 416.965(a), 416.968(d); SSR 82-41; (Tr. 16, 40-41). Because Perez was an unskilled claimant, she did not have the ability to perform semi-skilled work SSR 83-10. The jobs that the vocational expert identified that Perez could perform all had an SVP of 3, and thus, they were semi-skilled positions based on the information provided by the DOT. SSR 00-4p; (Tr. 43). Accordingly, there was a conflict between the vocational expert's testimony and the DOT because the vocational expert testified that an unskilled worker could perform a semi-skilled job. However, in violation of the Social Security Rulings, the ALJ did not inquire about the conflict or resolve the conflict in his decision. SSR 00-4p.

The Commissioner argues that, because the vocational expert testified that positions were "entry-level," Perez was not prejudiced by the ALJ's failure to resolve the conflict. The Commissioner asserts that entry-level jobs are at the lowest beginning level and near unskilled work. Although the entry-level positions the vocational expert identified may be unskilled work, the vocational expert did not specifically testify that they were unskilled work, he did not describe the

6

tasks that would be required by the jobs and he did not provide testimony regarding the requirements of a particular job "as it is performed in specific settings."   SSR 00-4p; (*see* Tr. 43).   Thus, the vocational expert testifying that jobs were "entry-level" does not provide an "adequate basis" for relying on the vocational expert's testimony over the DOT.   *Carey*, 230 F.3d at 145.   Furthermore, the error was not harmless because had the ALJ inquired about the conflict the vocational expert may have determined that Perez was not qualified for those jobs.

Because the ALJ failed to follow the Social Security Rulings and that error was not harmless, the district court should reverse the Commissioner's decision and remand for further administrative proceedings.   *Hall*, 660 F.2d at 119.

## V.   Recommendation

The district court should find that the ALJ did not follow the Social Security Rulings and that Perez was prejudiced by the error.   Accordingly, the Commissioner's decision that Perez was not disabled and not entitled to benefits should be reversed and remanded for further administrative proceedings.   *Id.*

## VI.   Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to any part of this report and recommendation must file specific written objections within fourteen (14) days after being served with a copy.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      Dated:        May 27, 2010.

NANCY M. KOENIG
United States Magistrate Judge